JAMES R. BOGMAN *vs.* REUBEN A. GIBBS.

MARCH 9, 1912.

PRESENT: Johnson, Parkhurst, and Sweetland, JJ.

(1) *Guardian and Ward.    Unfaithful Administration.*

General Laws, 1909, cap. 320, § 17, provides for the entry of a decree of unfaithful administration in the cases of executors and administrators, only,

and confers no authority to enter such a decree against a guardian. The remedy of a creditor against a guardian failing to apply the estate of his ward to the payment of debts is under cap. 321, § 25.

PROBATE APPEAL. Heard on exceptions of appellant and sustained.

### RESCRIPT.

Appellant's exception to the decision of the superior court affirming decree of probate court of Barrington sustained, and case remitted to the Superior court with direction to enter a decree reversing said decree of said probate court as being made without jurisdiction.

The following opinion was prepared by Mr. Justice Blodgett as the opinion of the court, but was not formally rendered on account of his death. It is now adopted as the opinion of the court.

BLODGETT, J. This case is before the court on appellant's exceptions to the action of the superior court in sustaining on appeal the probate court of Barrington in entering the following decree:

"STATE OF RHODE ISLAND AND PROVIDENCE PLANTA
TIONS:

"BRISTOL, SC.

"ESTATE OF ANGELICA BOGMAN.

"At a session of the Probate Court of the town of Barrington, holden at Barrington, on the seventh day of February, in the year of our Lord one thousand nine hundred and eleven.

"Upon consideration of the aforegoing petition;

"It appearing that the claim of Reuben A. Gibbs, had been filed by his attorney, Charles H. McKenna, against the estate of Angelica Bogman, before the expiration of the six months from the first publication of the notice of appointment of James R. Bogman, as guardian thereof; that he had failed to disallow said claim within thirty days after the expiration of the said six months; that having funds in his hands be-

longing to said estate sufficient to have paid said claim, he had failed to do so, and not showing reasonable cause therefor:

"It is decreed: that James R. Bogman, Guardian of the person and estate of Angelica Bogman, be and hereby is adjudged guilty of unfaithful administration of said estate.

FREDERICK P. CHURCH,

*Clerk.*"

Pro. Journal No. 3 at page 290.

Inasmuch as the appellant's fourth exception is decisive of the cause we proceed to a consideration of it. It is thus stated: "(4) Because there is no legal authority or jurisdiction for a probate court to adjudge a guardian guilty of unfaithful administration." This contention must be sustained. Sec. 17, cap. 320, Gen. Laws, 1909, provides for the entry of a decree of unfaithful administration only in the cases of executors and administrators, as follows: "If any executor or administrator shall neglect or refuse to raise money out of the estate by collecting debts due or selling the personal estate, or the real estate, if need be, and has power, or can obtain leave, to sell the same, or shall neglect or refuse to pay over what he has in his hands to the several creditors of the testator or intestate whose claims have been filed and allowed or proved according to law, or shall otherwise fail to perform his duties as such executor or administrator, and, after citation before the probate court, shall fail to show reasonable cause therefor, said court may decree that he is guilty of unfaithful administration; and thereupon an action may be brought upon the bond of such executor or administrator by any such creditor who may have been damnified thereby;" and Section 16 of the same chapter makes the entry of such a decree a pre-requisite to a suit on an executor's or administrator's bond. But there is no such requirement in the case of a guardian. Section 25 of cap. 321, Gen. Laws, 1909, is as follows: "Sec. 25. If a guardian shall neglect to return a true inventory of his ward's

estate or shall neglect to apply the real and personal estate of his ward to the payment of his debts, it shall be deemed a breach of his bond, and he and his sureties shall be liable to an action thereon by any creditor or person interested, and judgment shall be entered in such action and execution shall issue and recovery shall be had in like manner as on administration bonds."

Inasmuch as the Probate Court of Barrington had no statutory authority to enter a decree of unfaithful administration it follows that the appellant's exception to the decision of the Superior Court affirming said decree on appeal must be sustained.

The case is remitted to the Superior Court with direction to enter a decree reversing the aforesaid decree of the Probate Court·of Barrington as being made without jurisdiction.

*Page & Cushing, James F. McCartin,* for appellant.

*Charles H. McKenna,* for appellee.